UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ANTHONY,

        Plaintiff,

v.

        CASE NO. 13-CV-12264
        HONORABLE GEORGE CARAM STEEH
        MAG. JUDGE LAURIE J. MICHELSON

CARMELLA SABAUGH,
JENNIFER PHILLIPS,
JOHN BRENNAN,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND (Doc. 12) and DENYING PLAINTIFF'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION (Doc. 11)**

Pro se prisoner Nicholas Anthony filed this 42 U.S.C. § 1983 complaint, *in forma pauperis*, alleging that defendant Macomb County Clerk, Carmella Sabaugh, failed to docket his request for appellate counsel in violation of his constitutional rights. Anthony filed a motion to amend his complaint to add two other Macomb County Court employees as defendants, alleging that he spoke with them on the telephone complaining of Sabaugh's conduct, and they failed to take corrective action. Magistrate Judge Michelson granted Anthony's motion to amend the complaint, and issued a report and recommendation that his complaint be *sua sponte* dismissed prior to service on the defendants. Anthony timely filed objections to the report and recommendation which this court has duly considered. "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject,

-1-

or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Anthony also submitted a second "motion to amend allegations in Complaint." (Doc.12). This court shall grant that motion and has considered the allegations of the second amended complaint in deciding the matter now before the court. For the reasons set forth below, this court shall adopt the report and recommendation of Magistrate Judge Michelson and shall dismiss the amended complaint.

A.  Carmella Sabaugh

Magistrate Judge Michelson recommends that Sabaugh be dismissed on the grounds that she is absolutely immune for her quasi-judicial functions. Bush v. Rauch, 38 F.3d 842, 848 (6th Cir. 1994) (extending absolute quasi-judicial immunity to court administrator executing court order). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Id. at 847. Anthony contends that absolute immunity does not shield Sabaugh from liability because her actions were not part of the "judicial process." The processing of court papers is, in general, a quasi-judicial function. See Wojnicz v. Davis, 80 Fed. Appx. 382, 383-84 (6th Cir. 2003), cert. denied, 540 U.S. 1152 (2004) (ruling that the Clerk of the Michigan Supreme Court was entitled to quasi-judicial immunity for act of rejecting a habeas petition that did not meet certain court rules); Lyle v. Jackson, 49 Fed. Appx. 492, 494 (6th Cir. 2002) (court clerks entitled to quasi-judicial immunity for alleged failure to provide plaintiff with copies of previous filings and transcripts); Harris v. Suter, 3 Fed. Appx. 365, 366 (6th Cir. 2001) (Supreme Court Clerk who refused to file writ of certiorari that failed to comply with court rules entitled to quasi-judicial immunity). Because Sabaugh's conduct in file-stamping his document

entitled, "Notice of Appeal Rights," but in allegedly failing to docket his request for appellate counsel, was a quasi-judicial function, Sabaugh is entitled to absolute immunity.

Magistrate Judge Michelson also found that the complaint, as amended, failed to state a viable claim against Sabaugh because Anthony merely alleged that Sabaugh had acted negligently, while in order to bring a claim under § 1983, the plaintiff must allege that the deprivation of rights was intentional or grossly negligent. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986). "In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent." Wojnicz, 80 Fed. Appx. at 384. In his objections, Anthony argues that Sabaugh's conduct was grossly negligent. In order to establish "gross negligence," however, merely applying that label to alleged conduct in the pleadings is not sufficient. "And calling acts grossly negligent does not make them so; the complaint must contain factual allegations charging government officials with outrageous conduct or arbitrary use of governmental power." White v. Wayne County Circuit Court Clerks, 146 Fed. Appx. 792, 794 (6th Cir. 2005), cert. denied, 546 U.S. 1181 (2006). Even taking the allegations of the second amended complaint as true, Anthony has not pled that Sabaugh acted anything other than negligently when she allegedly failed to docket his request for appellate counsel. Accordingly, the court shall accept Magistrate Judge Michelson's recommendation that Sabaugh be dismissed.

Magistrate Judge Michelson also recommends that Sabaugh be dismissed because Anthony failed to plead the basis for appealing his guilty plea with sufficient specificity that the court could rule as to whether he had lost a "non-frivolous" claim. Brown v. Matauszak, 415 Fed. Appx. 608, 613 (6th Cir. 2011). In his objections, Anthony argues he had a

meritorious appeal on the basis that his guilty plea was not knowing, voluntary, or intelligent. These thread-bare assertions are insufficient to establish that his appeal was non-frivolous. Accordingly, the court shall accept Magistrate Judge Michelson's recommendation that Sabaugh should be dismissed.

B. Jennifer Phillips and John Brennan

According to the second amended complaint, after learning that his alleged request for appellate counsel was not docketed or forwarded to the "Judicial Aide," Anthony telephoned the court and was transferred to the court information line and spoke with defendant Jennifer Phillips about Sabaugh's alleged negligence and followed up with written correspondence addressed to her. Also, according to the amended complaint, several days later, he telephoned the court, was again transferred to the court information line, and this time spoke with defendant John Brennan and complained to him about Sabaugh's alleged negligence and again, he followed up with written correspondence addressed to Brennan. Magistrate Judge Michelson recommends that Phillips and Brennan be dismissed on the grounds that Anthony has not pled that through their own individual actions they violated the constitution, and "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (citations and quotations omitted).

In his objections, Anthony alleges that Phillips and Brennan can be individually liable because they had actual knowledge that Sabaugh failed to docket his request for appellate counsel or to forward it to the "Judicial Aide" and yet, they failed to do their job of supervision.  Even taking Anthony's allegations as true, he fails to set forth facts for which supervisory liability could arise under § 1983.  Accordingly, this court shall accept Magistrate Judge Michelson's recommendation that Phillips and Brennan be dismissed.

## CONCLUSION

For the reasons set forth above, Anthony's motion to amend allegations in the Complaint (Doc. 12) hereby is GRANTED and Anthony's objections to the report and recommendation (Doc. 11) hereby are DENIED.  The court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation and hereby DISMISSES the complaint for failure to state a claim upon which relief could be granted.

**IT IS SO ORDERED**.

Dated:  September 4, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2013, by electronic and/or ordinary mail and also on Nicholas Anthony #726423, Central Michigan Correctional Facility, 320 N. Hubard, St. Luis, MI 48880.

s/Barbara Radke
Deputy Clerk